THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS KOMESHAK, Defendant-Appellant.

Fifth District   No. 75-506

Opinion filed October 27, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant, Louis Komeshak, appeals from a conviction entered pursuant to a guilty plea to the charge of felony theft over $150. The court sentenced him to two to six years' imprisonment. The defendant argues on appeal that his conviction must be reversed because it rests upon a burglary indictment which will not support a theft conviction since theft is not an included offense. The defendant further contends that his conviction must be reversed and the case remanded for a new plea because the State violated its promise to recommend probation.

The defendant was indicted for burglary in that he, without authority, entered a building in East St. Louis owned by the Schuberts and occupied

by Evelyn Magac, with the intent to commit a theft. Over a year later, the defendant and his attorney appeared in court to enter a negotiated plea of guilty to the offense of theft of property valued at more than $150. The State agreed to recommend probation. The court recited both the language of the instant indictment as well as that of the theft statute, and then explained the possible penalties for both burglary and felony theft over $150 and the application of the mandatory parole terms for each offense. Defendant was told of his right to plead not guilty, of the standard of proof in a criminal trial, of his right to a jury or bench trial, to confront and subpoena witnesses, to remain silent, and to be afforded a speedy trial. The record clearly shows that the defendant told the court that he understood that the State recommends probation but that "the court doesn't have to accept probation and you could send me to jail."

After receiving defendant's assurances that no threats or coercion had induced the plea, the court asked the prosecutor for the factual basis of the plea. The prosecutor indicated that the State was prepared to prove that at sometime during a two-day period in February 1974 the home occupied by Mrs. Magac was burglarized and a 25″ Magnavox television set, valued at more than $150, was stolen. The prosecution stated that two witnesses in signed statements had related that defendant had committed the burglary and offered to sell them the television set. The defendant admitted to members of the East St. Louis police department that he had received the set from "someone who had it" and had agreed to return the set for a promise not to prosecute. The set was later returned to the police and identified by Mrs. Magac as the stolen set in question. Defense counsel noted that while there was some doubt that the two witnesses for the State could be produced at the trial, the remainder of the State's summary was both accurate and of sufficient proof. After the court specifically stated it was not bound by the plea agreement, it accepted the guilty plea, asked for a presentencing report, and set a date for sentencing.

Two witnesses in mitigation testified for the defendant at the sentencing hearing. A Catholic priest testified that he had counseled the defendant several times the past two years, and a detective for the Illinois State Police told of defendant's participation as a police informant. It was also stipulated that an Illinois Bureau of Investigation agent, who was unavailable, would testify that he had known the defendant for three or four years; that the defendant served as an informer during that time without compensation; that three or four of the defendant's efforts led to convictions. As promised the State noted its original recommendation of probation, but the court taking note of the defendant's prior record and his present status as being on probation from Madison County, denied the

request for probation and imposed an imprisonment term of from two to six years.

The defendant filed a timely motion to vacate judgment and to withdraw his guilty plea, alleging that the State's conduct in cross-examining the witnesses at the sentencing hearing was inconsistent with its recommendation of probation. Defendant's motion to vacate was denied at the close of the hearing.

■■ We shall consider the defendant's first contention, namely that the State violated its promise to recommend probation. The defendant contends that the recommendation of probation was "at best half-hearted and literally had to be dragged out of the assistant state's attorney." The defense concludes that such conduct on the part of prosecution amounts to the State reneging on its part of the bargain. A prosecutor's sentencing recommendation is not binding on the court. (*People v. Baldridge*, 19 Ill. 2d 616, 169 N.E.2d 353.) If a prosecutor fulfills a promise to recommend a certain sentence after a defendant pleads guilty, the plea is not rendered involuntary by the fact that the court imposes a more severe sentence. If, however, a plea of guilty has been made in reliance upon a promise of the State to recommend to the court a lesser sentence than that imposed, and the promise by the State was unfulfilled, then the plea is not a voluntary one and may be withdrawn even though the State's recommendation, had it been made, would not have been binding on the court. (*People v. Pier*, 51 Ill. 2d 96, 281 N.E.2d 289.) Defendant concedes that the recommendation was made but that the attitude of the prosecution made the recommendation ineffective and unpersuasive. The record does not support this conclusion.

The court carefully explained to the defendant that the prosecutor's recommendation would not be binding on the court. The defendant nonetheless persisted in his plea. Although defendant contended in his motion to vacate that the State had in effect "guaranteed" him probation, the evidence adduced at the hearing on his motion did not support this contention. Nor does the evidence support defendant's position on appeal that the prosecutor improperly took steps to inhibit the accused's attempts to secure probation.

■■ During a sentencing hearing the prosecutor, as an officer of the court, has a duty to convey to the court information about the case and the defendant so long as no specific terms of the agreement are violated. (*People v. Martin*, 19 Ill. App. 3d 631, 312 N.E.2d 24.) Although defendant objected to the prosecution cross-examining a witness for the defense, the court specifically advised the defendant that the State had the right to cross-examine witnesses during the sentencing hearing. We do not find that the prosecutor's cross-examination of defendant's witnesses

in mitigation or his objections to certain testimony constituted a breach of the State's agreement to recommend probation. Nor do we believe that the adversarial posture adopted by the prosecution at the hearing to withdraw defendant's guilty plea violated the terms of the plea agreement. Accordingly, we are convinced that the State did abide by its agreement to recommend probation.

■■ The defendant's second contention is that his conviction of theft over $150 must be reversed because it rests on a burglary indictment that conferred no jurisdiction for a theft conviction. The supreme court in *People v. Gilmore,* 63 Ill. 2d 23, 26, 344 N.E.2d 456, provided the answer to that issue in the following language:

> "The jurisdiction of the circuit courts in these cases was not 'conferred' by the information or indictment; jurisdiction was conferred by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have 'original jurisdiction of all justiciable matters.' The circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5)."

Thus an examination of the statutory scheme shows clearly that failure to charge an offense does not, as contended by the defendant, serve to deprive the circuit court of jurisdiction. *People v. Gilmore,* 63 Ill. 2d 23, 344 N.E.2d 456.

Now that the jurisdictional aspect of defendant's argument is settled, the remaining contention is that he pled guilty to an offense with which he was not charged.

The defendant cites *People v. Shoemaker,* 31 Ill. App. 3d 724, 334 N.E.2d 347, and *People v. Ball,* 126 Ill. App. 2d 9, 261 N.E.2d 417. In *Shoemaker* the defendant in a bench trial was acquitted of the offense of burglary but was found guilty of theft. The defendant was therefore convicted of an offense with which he had never been charged. In *People v. Ball,* 126 Ill. App. 2d 9, 261 N.E.2d 417, the defendant moved to quash the indictment against him before trial, and filed a motion in arrest of judgment after completion of the jury trial on grounds that the indictment failed to charge an offense. These facts certainly distinguish *Ball* from the instant case. The rationale of the above cases is the question of due process. The failure to charge an offense and the obvious harm to the defendant resulting therefrom involves questions of due process and jeopardy and it cannot be waived. *People v. Billingsley,* 67 Ill. App. 2d 292, 213 N.E.2d 765.

■■ When attacked for the first time on appeal an information or indictment is sufficient if it apprised the accused of the precise offense

charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction or acquittal as a bar to future prosecution arising out of the same conduct. (*People v. Grant*, 57 Ill. 2d 264, 312 N.E.2d 276; *People v. Harvey*, 53 Ill. 2d 585, 294 N.E.2d 269.) Since defendant represented by retained counsel pled guilty to theft to avoid going to trial on the burglary charge, and since counsel indicated at the plea hearing that the State would be able to prove its case as to a theft but possibly not as to burglary, it is obvious that defendant would have been able to prepare a defense to the burglary charge and to theft charges as well.

■■ With regard to any future prosecution for theft, language from the opinion in *People v. Gilmore* is as follows:

"As we said in *People v. Jones*, 53 Ill. 2d 460, 464, 'the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record. (See, *e.g. People v. Jankowski* (1945), 391 Ill. 298, 302.)'" (63 Ill. 2d 23, 30.)

The record in this case demonstrates that the offense of which the defendant pled guilty is identifiable and can be pleaded in bar of any subsequent prosecution.

We find no error in the conduct of the trial court in accepting the plea of guilty of the defendant or in the sentencing hearing. Therefore the judgment of the St. Clair County Circuit Court is affirmed.

Judgment affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.