Kenny L. STUFFLEBEAN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55749.

Missouri Court of Appeals,
Western District.

Jan. 12, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1999.

Martin D. Warhurst, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Munson Morris, Jefferson City, for respondent.

Before ROBERT G. ULRICH, P.J.; JAMES M. SMART, J. and EDWIN H. SMITH, J.

ULRICH, P.J.

Kenny Stufflebean appeals the judgment of the motion court denying his Rule 24.035 for postconviction relief following an evidentiary hearing. Mr. Stufflebean sought to vacate his convictions for two counts of first degree child molestation, section 566.067, RSMo 1994, and concurrent sentences of seven years imprisonment. He claims that his guilty plea was not voluntarily, knowingly, and intelligently entered because (1) the prosecutor breached the plea agreement to recommend probation by cross-examining a defense witness, and (2) his attorney erroneously advised him that he would be able to withdraw his plea if the court did not follow the State's sentence recommendation. The judgment of the motion court is affirmed.

Kenny Stufflebean was charged by felony complaint with four counts of class C felony first degree child molestation, section 566.067, RSMo 1994. The complaint alleged that Mr. Stufflebean subjected his stepdaughter, who was less than twelve years old, to sexual contact. Thereafter, Mr. Stufflebean filed a petition to enter a plea of guilty in which he represented, "On at least 2 occasions, I would get into bed with my stepdaughter ... and massage her back and neck and breast for the purpose of sexual gratification." Mr. Stufflebean also stated in the petition that he understood the charges against him, the range of punishment, and the rights he was waiving by pleading guilty. He also stated that in exchange for his guilty

plea, the prosecuting attorney promised to recommend a suspended execution of sentence on two counts and dismiss the remaining two counts. He acknowledged he had been advised that the court was not bound by the prosecutor's promise and that he was not promised by anyone that he would receive probation or parole.

At the guilty plea hearing, the court inquired into Mr. Stufflebean's understanding of the charges, the range of punishment, and the constitutional rights he was waiving in pleading guilty. Mr. Stufflebean again acknowledged that he had not been promised leniency or probation. The court accepted Mr. Stufflebean's plea finding that it was voluntarily and intelligently made. A presentence investigation was ordered.

At the sentencing hearing, the State recommended probation. The court sentenced Mr. Stufflebean to two concurrent seven-year terms of imprisonment. Thereafter, Mr. Stufflebean filed a *pro se* Rule 24.035 motion for postconviction relief, which was later amended. Following an evidentiary hearing, the motion court denied Mr. Stufflebean's motion. This appeal followed.

On appeal, Mr. Stufflebean claims that the motion court clearly erred in denying his Rule 24.035 motion for postconviction relief. He argues that his guilty plea was not voluntarily, knowingly, and intelligently entered because (1) the prosecutor breached the plea agreement to recommend probation by cross-examining a defense witness, and (2) his attorney erroneously advised him that he would be able to withdraw his plea if the court did not follow the State's sentence recommendation.

■ Appellate review of the denial of a postconviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Roll*, 942 S.W.2d at 375.

## A. Breach of Plea Agreement by Prosecutor

■ In Mr. Stufflebean's first point on appeal, he claims that his guilty plea was not voluntarily, knowingly, and intelligently entered because the prosecutor breached the plea agreement to recommend probation by cross-examining a defense witness at the sentencing hearing. Mr. Stufflebean called a psychologist at the sentencing hearing who testified that prison would not promote his treatment. The prosecutor then cross-examined the witness as follows:

Q: If I understand your testimony correctly, you believe incarceration would hurt the Defendant's self-esteem?

A: Yes.

Q: So that's why he shouldn't go to the penitentiary, because of the way he feels about himself?

A: I think that that would not improve his personality structure in such a way as to help him behave more responsibly in the future.

Q: Where within that scheme of things does the protection of little girls in society come in?

A: Uh, I certainly believe that some supervision is in order, and I certainly believe that some sort of strict probation is in order.

Q: Wouldn't going into the penitentiary hurt anyone's self-esteem, so this is *not* unique in this Defendant?

On re-cross, the following exchange occurred between the prosecutor and the witness:

Q: Are you aware of the Missouri Sexual Offender Program in place in the Missouri Department of Corrections?

A: No, I'm not.

Q: And the long term treatment program that they offer?

A: No, I'm not.

Q: If they do offer a long term offender program in the Department of Corrections, you would agree that is a good step toward what he needs as far as redirecting his problems?

A: Certainly it's a good first step.

Q: You would agree, would you not, there's a substantially— there's a substantial less risk that he will re-offend at least during the period of time he's in the penitentiary?

A: I would agree with that, certainly.

Where a plea bargain is based to a significant degree on a promise by the prosecutor, to the extent that it is part of the inducement or consideration for entering the plea, the promise must be fulfilled. *Sharp v. State*, 908 S.W.2d 752, 755 (Mo.App. E.D. 1995), *cert. denied*, 518 U.S. 1007, 116 S.Ct. 2529, 135 L.Ed.2d 1052 (1996). If the prosecutor, therefore, fails to fulfill a promise that induced a guilty plea, the defendant is entitled to relief. *Id.*

In this case, the prosecutor fulfilled his promise to recommend probation. At the beginning of the sentencing hearing, the prosecutor stated that pursuant to the plea agreement, he was recommending probation. During closing remarks by counsel, the prosecutor reiterated his recommendation for probation:

> PROSECUTOR: I also want to say I would ask the Court to remember that my recommendation was for probation, and I do not wish the Court to consider any question I've asked, any comment I've made, or anything I've done in this proceeding to in any way be in opposition of that recommendation I'm making to the Court.
>
> THE COURT: As an adversary when the other side brings the witness in, aren't you obligated to develop the facts favorable to your side?
>
> PROSECUTOR: Yes, sir. But if those facts conflict in any way with my recommendation, I still want to reiterate to the Court what my recommendation is and remains as of this minute, and that's for Probation. That was our plea agreement.
>
> THE COURT: We started off by making sure whatever his bargain was, he was sticking by, and now he's making sure we wind up with that. Is anybody on the defense side uncomfortable that the State

has not abided by the plea bargain in this case?

> DEFENSE COUNSEL: I don't believe so.

The prosecutor agreed only that he would dismiss two counts of the complaint and recommend probation in exchange for Mr. Stufflebean's guilty plea. He did not agree that he would not cross-examine witnesses called by the defense. Cross-examination is the traditional means to test the truth and credibility of a witness. *State v. Tolliver*, 562 S.W.2d 714, 719 (Mo.App.1978). As an officer of the court, the prosecutor had the duty to convey to the court facts about the case and the defendant so long as the specific terms of the plea agreement were not violated. *See People v. Komeshak*, 42 Ill.App.3d 775, 1 Ill.Dec. 444, 356 N.E.2d 632, 635 (1976)(prosecutor's cross-examination of defense witness did not constitute a breach of the State's agreement to recommend probation). The prosecutor's cross-examination of the defense witness did not undermine his recommendation for probation. The plea agreement, therefore, was not breached by the prosecution. Point one is denied.

## B. Ineffective Assistance of Counsel

In his second point on appeal, Mr. Stufflebean claims that he was not provided effective assistance of counsel because at the time the guilty plea was entered, plea counsel misled him to believe that if the court did not follow the recommendation of the State, he would be able to withdraw his plea.

To prevail on an ineffective assistance of counsel claim, a movant must establish that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If a conviction is entered based on a guilty plea, however, any claim for ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the plea was made. *Roll*, 942 S.W.2d at 375. To satisfy the prejudice requirement following a guilty plea, a movant must show that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on a trial. *Id.*

■■■■ Where a defendant has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises, the defendant should be permitted to withdraw his guilty plea. *Hampton v. State*, 877 S.W.2d 250, 252 (Mo.App. W.D. 1994). When a movant claims that his guilty plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Id.*

■■■ At the evidentiary hearing on Mr. Stufflebean's Rule 24.035 motion, he testified that his plea attorneys advised him at the time of the plea that he would be able to withdraw his guilty plea if the court did not follow the State's recommendation for probation. Mr. Stufflebean explained that he did not learn otherwise until after his plea, two days before sentencing. Mr. Stufflebean's plea attorneys did not testify at the evidentiary hearing. In its judgment denying the Rule 24.035 motion, the motion court found Mr. Stufflebean's testimony not credible. A motion court is not required to believe the testimony of a movant, and an appellate court must defer to the motion court's determination of credibility. *State v. Dunmore*, 822 S.W.2d 509, 512 (Mo.App. W.D.1991). Aside from his own testimony, which was found not credible, Mr. Stufflebean failed to show that counsel incorrectly advised him that he would be able to withdraw his plea if he did not receive probation.

■■■ Furthermore, the record reveals that Mr. Stufflebean's belief that he could withdraw his guilty plea if he did not receive probation was unreasonable. Nowhere in the record was Mr. Stufflebean informed that he had the right to withdraw his plea if probation was denied. In the petition to enter a guilty plea, which Mr. Stufflebean read and signed, Mr. Stufflebean acknowledged that the court was not bound by the prosecutor's promise to recommend probation and that he was not promised by anyone that he would receive probation. In fact, Mr. Stufflebean acknowledged at the evidentiary hearing that the plea petition did not state

that he had the right to withdraw his plea if the court rejected the State's recommendation. Additionally, the guilty plea record revealed that both the prosecutor and Mr. Stufflebean's attorney agreed that the State's sentence recommendation for probation was merely a non-binding recommendation. With a non-binding recommendation, as opposed to a true plea agreement, the trial court is not obligated to allow the defendant to withdraw his plea if the court does not follow the recommendation. *Harrison v. State*, 903 S.W.2d 206, 208 (Mo.App. W.D. 1995). The court then questioned Mr. Stufflebean regarding his understanding of the agreement:

Q: And, sir, is that your understanding of the plea agreement arrived at by the lawyers?

A: Yes, it is, sir.

Q: And do you understand that first of all I'm not going to be the Judge to sentence you. Do you understand that?

A: Yes, sir.

Q: And do you still want to plead guilty to me?

A: Yes, sir.

Q: Do you understand that regardless of what the attorneys may tell you or represent to the Court, that sentencing Judge wouldn't have to follow it? He could do something else if he wanted to. Do you understand that?

A: Yes, sir.

Q: So there's no guarantees or promises as to what the sentence will be in this case. Do you understand that?

A: Yes, I do.

Q: Have you been threatened, coerced, or forced in any manner to plea guilty?

A: No, sir.

While the court did not specifically ask Mr. Stufflebean if he understood that he would not be allowed to withdraw his plea if the sentencing court did not follow the State's recommendation, nothing existed in the record from which Mr. Stufflebean could have inferred that he had such a right.

A better practice, to avoid such claims in cases where a defendant pleads guilty to a

charge and the prosecuting attorney makes a non-binding recommendation of sentence, is for the trial court, before accepting the defendant's guilty plea, to specifically advise the defendant on the record that should the court decline to follow the prosecutor's recommendation, the defendant will not be permitted to withdraw his guilty plea. Point two is denied.

The judgment of the motion court denying Mr. Stufflebean's Rule 24.035 motion is affirmed.

All concur.