David GEHRKE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 58742.

Missouri Court of Appeals,
Western District.

April 10, 2001.

we find that the issues raised were adequately    preserved for review.

Tara L. Jensen, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Attorney General, Jefferson City, for Respondent.

Before ROBERT G. ULRICH, P.J., EDWIN H. SMITH and THOMAS H. NEWTON, JJ.

NEWTON, Judge.

## I. Factual and Procedural Background

Mr. David Gehrke was charged by information with five counts of sodomy, § 566.060;[1] four counts of furnishing pornographic material to minors, § 573.040;[2] five counts of deviate sexual assault in the first degree, § 566.070;[3] six counts of statutory sodomy in the first degree, § 566.062; six counts of child molestation in the first degree, § 566.067; and two counts of child molestation in the second degree, § 566.068. Mr. Gehrke pleaded guilty, pursuant to a plea agreement, on December 7, 1998, to fifteen of the twenty-eight charged offenses including: one count of sodomy, four counts of furnishing pornographic material to minors, one count of deviate sexual assault in the first degree, four counts of statutory sodomy in the first degree, four counts of child molestation in the first degree, and one count of child molestation in the second degree.

As part of the plea agreement, the State dismissed the remaining counts and agreed to make no recommendation as to punishment. After Mr. Gehrke waived his constitutional right to a trial by jury, the right to confront and cross-examine witnesses, and the right to remain silent, he entered a plea of guilty to the above charges. He also acknowledged that no one had made any threats or promises to induce him into pleading guilty to the fifteen offenses.

At his sentencing hearing, the state recommended the maximum sentences

1.  RSMo (Supp.1993).

2.  All statutory references are to RSMo 1994, unless otherwise indicated.

3.  RSMo 1986.

on each count. After Mr. Gehrke's attorney objected to the State's recommendation, the Court gave Mr. Gehrke's attorney an opportunity to withdraw Mr. Gehrke's guilty plea. Mr. Gehrke's attorney declined, and after hearing several statements from both parties regarding sentencing, including the State's recommendation, the trial court sentenced Mr. Gehrke to a total of 107 years on all counts.

Mr. Gehrke filed a timely *pro se* Rule 24.035 postconviction relief motion. Counsel was then appointed and an amended motion alleged that Mr. Gehrke was denied his right to the effective assistance of counsel because plea counsel failed to consult with him after the State made its recommendation at the sentencing hearing, failed to ensure a factual basis as to one of the sodomy and one of the deviate sexual intercourse counts. The motion court dismissed the postconviction relief motion without an evidentiary hearing. The motion court issued findings of facts and conclusions of law. This appeal followed.

The appeal involves two points. The first point alleges that the motion court erred in denying Mr. Gehrke's Rule 24.035 motion because the State breached its plea agreement by making a recommendation for sentencing and plea counsel failed to ask the trial court to allow him to withdraw his plea of guilty. Further, plea counsel failed to consult with Mr. Gehrke after the trial court asked counsel whether he would like to withdraw Mr. Gehrke's guilty plea. In the second point, Mr. Gehrke contends that the motion court erred by denying his Rule 24.035 motion without granting him an evidentiary hearing because the record indicated that plea counsel allowed him to plead guilty, even though the state had insufficient facts to prove that Mr. Gehrke committed felony sodomy and deviant sexual intercourse to which he pleaded guilty.

## II. Legal Analysis

■ Mr. Gehrke asserts that plea counsel was ineffective by not allowing him to withdraw his guilty plea after the State breached its plea agreement. Further, because the State breached its agreement, he did not knowingly and voluntarily enter his plea and should have been allowed to present evidence of that at an evidentiary hearing, which the motion court denied. This issue is dispositive of this appeal, and therefore is not necessary to address Mr. Gehrke's other point on appeal.

■ Appellate review of a motion court's decision on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion are clearly erroneous.[4] After a review of the entire record, findings and conclusions are clearly erroneous only if the court is left with the firm impression that a mistake has been made.[5] When a person who has pleaded guilty to an offense files a motion for postconviction relief, he has waived all errors regarding ineffective assistance of counsel except those that effect the voluntariness and knowledge of the plea.[6]

■ A two part test is applied when considering a claim of ineffective assistance of counsel. First, the movant must show that plea counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have displayed under similar circumstances; and second, the movant must show that he

---

**4.** Rule 24.035(k); *Moore v. State,* 827 S.W.2d 213, 215 (Mo. banc 1992).

**5.** *Moore,* 827 S.W.2d at 215.

**6.** *Weston v. State,* 2 S.W.3d 111, 114 (Mo.App. W.D.1999).

was prejudiced by counsel's actions.[7] Since Mr. Gehrke pleaded guilty, our review is limited to determining whether the plea was knowing and voluntary.[8]

■■■ Mr. Gehrke entered into a plea agreement with the State, but the terms of the agreement are at issue. He claims that the State agreed to make no recommendation of punishment and to dismiss several counts against him for pleading guilty to the charges outlined in the factual portion of this opinion. The State, however, contends that it agreed to remain silent on sentencing only during the plea hearing, but was not obligated to remain silent during the sentencing hearing. In addition, the State agreed to dismiss some of the charges against Mr. Gehrke if he pleaded guilty to the fifteen offenses. "Where a plea bargain is based to a significant degree on a promise by the prosecutor, to the extent that it is part of the inducement or consideration for entering the plea, the promise must be fulfilled." [9] When the prosecutor fails to fulfill a promise that induced a guilty plea, the defendant is entitled to relief.[10]

■■■ " '[A] breach of plea agreement occurs where a prosecutor promises to make no recommendation regarding sentencing in exchange for a guilty plea but later makes a recommendation.' "[11] According to the transcript of the guilty plea proceeding, the State agreed not to make a recommendation as to punishment. The Court asked the State, *"There will be no recommendation as to punishment then; is that correct?"* The State responded, *"Right."* The Court then asked Mr. Gehrke's attorney, "Is that what you understand...." He replied, "Yes, your honor." Later, during that hearing, the Court addressed Mr. Gehrke:

> [The Court]: And you understand that there are a number of counts here, and we'll go over those in detail here in a few minutes, but there is no agreement and *there is no recommendation that's being made with regard to the punishment on these offenses.* Do you understand that? [12]
>
> [Mr. Gehrke]: Yes, sir.

■■■ The State argues that it agreed it would not make a recommendation at the guilty plea hearing, but made no such agreement for the sentencing hearing. It also contends that the following discussion at the plea hearing evidences this agreement:

> [The Court]: ... Has anybody used any force, any threats or any coercion to get you to come in here and plead guilty today?
>
> [Mr. Gehrke]: No, sir.
>
> [The Court]: Have any promises been made to you? Other than the dismissal of these counts, has anybody promised you anything in connection with your pleas of guilty here today?
>
> [Mr. Gehrke]: No, sir.

We find this argument unpersuasive because these are typical questions asked of every defendant to ensure that he has

---

7. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

8. *Loudermilk v. State,* 973 S.W.2d 551, 553 (Mo.App. E.D.1998).

9. *Stufflebean v. State,* 986 S.W.2d 189, 192 (Mo.App. W.D.1999).

10. *Id.*

11. *Peet v. State,* 22 S.W.3d 792, 794 (Mo.App. S.D.2000) (quoting *Rick v. State,* 934 S.W.2d 601, 606 (Mo.App. E.D.1996)) (alteration in original).

12. Emphasis added.

voluntarily and knowingly entered his plea. Mr. Gehrke is not alleging that his plea was forced or coerced. He is arguing that the State breached its part of the plea bargain. It is not appropriate for the state to make a sentencing recommendation at a plea hearing. The motion court is interested only in hearing the terms of the plea agreement at the plea hearing. Often the agreement will include a specific sentencing recommendation, and the motion court will inquire as to the terms of the agreement including the specific recommendation the State has agreed to make during the sentencing proceeding. The trial court is obligated to determine whether or not there was a plea agreement, and if there was, the trial court is required to disclose the terms of the agreement on the record.[13] Again, we cannot agree with the State's argument; and we cannot conceive of a situation where an accused would agree to plead guilty to certain charges on the promise by the state to remain silent as to sentencing at the plea hearing only. What incentive would an accused have in pleading guilty? An accused in this situation wants the State to make no recommendation at sentencing so his attorney could argue for a reasonable sentence; then the sentencing court can decide the appropriate punishment. The State clearly indicated that it agreed to make no recommendation as to punishment. Therefore, the State breached its plea agreement by recommending maximum sentences on each count.

The motion court also denied Mr. Gehrke's request for an evidentiary hearing on his motion for postconviction relief. The defendant is entitled to an evidentiary hearing if: (1) defendant alleges facts, not conclusions, which, if true, would entitle defendant to relief; (2) the factual allegations are not refuted by the record; and (3) the matters complained of prejudice the defendant.[14]

In the postconviction relief motion, Mr. Gehrke alleged that plea counsel was ineffective for not allowing him to withdraw his guilty plea after the State breached its plea agreement. Mr. Gehrke's counsel asked to approach the bench after the State finished its sentencing recommendation. At the sentencing hearing, the following colloquy took place:

> [Defense]: It was my recollection at the time of the plea that the prosecuting attorney agreed that in view of his plea of guilty to the counts that were selected, that there would be no recommendation from the State.
>
> [State]: Absolutely not, your Honor. I agreed to no such thing. The only thing I agreed to was the dismissal of certain counts.
>
> The Court: Although you did—....
>
> * * *
>
> The Court: The alternative that you have, [defense counsel], is that if you believe that the plea agreement that you had with the State has not been complied with, you have the alternative of requesting to withdrawal of that plea.
>
> [Defense]: No, not at this point. It's better left to the Court's discretion.

According to the transcript, the Court was cognizant of the allegation that the State breached its agreement and gave the defense an opportunity to withdraw its plea. Further, the transcript indicated that only counsel approached the bench to argue the breach of the plea bargain, and that Mr. Gehrke's attorney appeared to waive Mr. Gehrke's right to withdraw his guilty plea without consulting his client.

---

**13.** *Loudermilk,* 973 S.W.2d at 554.

**14.** *Id.* at 553.

The findings of fact and conclusions of law issued by the motion court, however, state that all of the parties were present at the bench, including Mr. Gehrke, when the Court asked whether he wanted to withdraw his plea. The findings also point out that Mr. Gehrke and his attorney "whispered to each other at the bench regarding the Court's statement. After a brief conversation with the Movant at the bench, [Mr. Gehrke's attorney] informed the Court *they* wished to proceed with sentencing." [15]

Thus, an issue exists as to whether Mr. Gehrke waived his right to withdraw his guilty plea after the State allegedly breached its plea agreement. Mr. Gehrke's factual allegation is not refuted by the record. In fact, his allegations are supported by the transcript, if not the whole record. When the State breaches its plea agreement, the movant should be allowed the opportunity to withdraw his plea. Denying him that right is prejudicial. Therefore, Gehrke is entitled to an evidentiary hearing on the matter.

As to his second point, Mr. Gehrke claims that the evidence was insufficient to prove that he committed the felonies of sodomy and deviate sexual intercourse. At oral argument, counsel for Mr. Gehrke conceded this point and withdrew those allegations; hence, we need not address this point.

Finally, we must address one last issue. Mr. Gehrke requested that this Court order Judge James D. Williamson, Jr., to recuse himself from further proceedings on this matter because he may be called as a witness. This is neither the time or the forum to review this issue.

15. Emphasis added.

### III. Conclusion

We reverse the motion court's order denying Mr. Gehrke's motion for postconviction relief and remand the cause for an evidentiary hearing consistent with this opinion.

ULRICH and EDWIN H. SMITH, JJ., concur.