STATE of Missouri, Appellant,

v.

Timothy M. WRIGHT, Respondent.

No. WD 62198.

Missouri Court of Appeals, Western District.

Nov. 25, 2003.

Laura Beth Donaldson, Assistant Prosecuting Attorney, St. Joseph, for appellant.

Ronald Ray Holliday, Theodore Stephen Elo, St. Joseph, for respondent.

RONALD R. HOLLIGER, Judge.

The State appeals the trial court's order dismissing a charge of possession of a controlled substance against Timothy Wright on the basis that the State breached its plea agreement that no such charge would be filed. We find that the filing of the charge did breach the plea agreement and that the trial court did not abuse its discretion in dismissing the charge. Affirmed.

### Facts

Wright was arrested and charged with driving while intoxicated. A search of Wright's person incident to the arrest uncovered a bag containing a white powdery substance. Wright admitted that the substance was cocaine.

Wright's attorney and Tara Cluck, the assistant prosecuting attorney assigned to the DWI case, met and discussed the possibility of a plea agreement. In return for a guilty plea on the DWI charge, Cluck agreed to recommend a ninety-day sus-

pended sentence and fifteen days shock detention. Even though she was aware of the potential cocaine-possession charge, Cluck also promised that no additional charges would be filed. Wright accepted the terms of the plea agreement.

When the agreement was presented to the trial judge, he questioned the sentence because it was harsher than usually offered a first time DWI offender. Cluck told the judge that there was also a potential cocaine-possession charge, which she had promised Wright would not be filed. The judge accepted the plea agreement, and Wright began serving the fifteen-day shock detention that same day.

Unbeknownst to Cluck or Wright, Pam Vestal, another assistant prosecutor in Cluck's office, had already filed a charge for possession of a controlled substance against Wright prior to the plea on the DWI charge. Wright filed a motion to dismiss the drug charge arguing that its filing violated the terms of the plea agreement entered into by the prosecutor and Wright. The State now appeals.

### Standard of Review

When reviewing an appeal from the grant of a motion to dismiss for breach of a plea agreement, we review for an abuse of discretion. *Proctor v. State*, 809 S.W.2d 32, 35–36 (Mo.App.1991).

### Discussion

The State raises two points on appeal. First, it contends that it did not breach the plea agreement on the DWI charge by filing the cocaine-possession charge. Secondly, it argues that the dismissal of the cocaine charge was an inappropriate remedy.

■ A prosecuting attorney has the power to enter into a plea agreement that provides for: (1) a dismissal of other charges; (2) a recommendation for a particular sentence; (3) an agreement "that a specific sentence is the appropriate disposition of the case;" or (4) a recommendation for "another appropriate disposition of the case." Rule 24.02(d)1. In formulating a plea agreement, the prosecuting attorney and the defendant should act fairly so that the reasonable expectations of both sides are met. *Schellert v. State*, 569 S.W.2d 735, 739 (Mo. banc 1978) (citation omitted).

■ "Where a plea bargain is based to a significant degree on a promise by the prosecutor, to the extent that it is part of the inducement or consideration for entering the plea, the promise must be fulfilled." *Stufflebean v. State*, 986 S.W.2d 189, 192 (Mo.App.1999) (citation omitted). If the promise is not fulfilled, the defendant must get relief. *Id.* The defendant may get either specific performance of the plea agreement or an opportunity to withdraw his guilty plea. *Proctor*, 809 S.W.2d at 35. The reviewing court has discretion to decide whether specific performance or an opportunity to withdraw is the most appropriate relief. *Id.*

In an argument supported neither by legal authority nor logic, the State argues that prosecutor Cluck did not breach the plea agreement because she personally filed no additional charges and no charges were filed after the DWI plea. Clearly, Cluck had the authority to enter into a plea agreement that provided no additional charges would be brought against Wright. Moreover, Vestal and the entire prosecutor's office were bound by Cluck's promise. *See State v. Burson*, 698 S.W.2d 557, 560 (Mo.App.1985). The State's argument that the plea agreement was not broken because the possession charge had already been filed at the time Cluck promised no additional charges would be filed, is not persuasive. Wright reasonably expected that he would not face possession charges based on Cluck's promise. In all fairness, this reasonable expectation should be met.

 

The severity of the plea agreement terms for a first-time DWI offender is evidence that Wright was induced into the agreement by the promise that no additional charges would be filed. The State broke this promise by pursuing the cocaine-possession charge, and Wright is entitled to either specific performance of the plea agreement or an opportunity to withdraw his guilty plea.

The State argues alternatively that dismissal was an inappropriate remedy and that the trial court abused its discretion. It argues that the proper relief, if it in fact breached the plea agreement, was to allow Wright to withdraw his plea to the DWI charge. The State argues that all Wright bargained for was that no additional charges would be filed and that he did not bargain for dismissal of an existing, known or unknown charge. This claim is factually inconsistent with the record. Clearly Wright contemplated that he would face no additional charges arising from his DWI arrest. The court itself understood this to be the meaning of the State's promise. That one assistant prosecutor was unaware of the actions of another assistant prosecutor does not change the legal effect of the promise or create a mutual mistake of fact as the State now claims.

■■ Where it is practically possible for the plea agreement to be performed, specific performance is the preferable remedy. *State ex rel. Nixon v. Campbell,* 906 S.W.2d 369, 372 (Mo. banc 1995). Because Wright has already served fifteen days of shock detention, allowing him to withdraw his guilty plea would neither return him to the position he was in before he entered into the agreement nor provide him with the benefit of his bargain. The trial court did not abuse its discretion in ordering specific performance of the agreement by granting the motion to dismiss.

The judgment of dismissal is affirmed.

EDWIN H. SMITH, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.