Richard Lee HOLT, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16827.

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 1991.

William J. Swift, St. Charles, for movant-appellant.

William L. Webster, Atty. Gen., Joan P. Gummels, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Richard Lee Holt appeals from the trial court's denial, after evidentiary hearing, of his two Rule 24.035 [1] motions, seeking to vacate a judgment and sentence entered on a plea of guilty to a charge of involuntary manslaughter.

Movant makes no complaint concerning the trial court's disposition of his original pro se motion. His complaint concerns the trial court's disposition of his amended motion, which was prepared by counsel and was untimely. On October 24, 1990, this court issued its opinion denying movant's appeal because the amended motion was untimely. Because of subsequent events, this court's original opinion is now withdrawn.

The Supreme Court of Missouri accepted transfer of movant's appeal, and on April 10, 1991, it entered an order retransferring the cause to this court "for re-examination in light of" *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). In *Luleff* the court held that "the appropriate forum for addressing claims regarding a complete absence of performance by postconviction counsel on a motion for postconviction relief, is in the circuit court where the motion is being prosecuted by movant." 807 S.W.2d at 497. In *Sanders*, counsel determined that there was a sound basis for amending the *pro se* motion but failed to file a timely amended motion. The failure was a form of "abandonment" by postconviction counsel.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

After the instant action had been re-transferred here, this court ordered movant's counsel to file comprehensive written suggestions outlining his views and recommendations and requests for relief in light of *Luleff* and *Sanders.* The state was afforded the opportunity to respond.

■ Movant's response to this court's order was to request remand to the trial court "for a hearing to determine whether he was abandoned by postconviction counsel when said counsel failed to timely amend his motion." The state responded that movant's amended motion, although untimely, was the subject of an evidentiary hearing and that the trial court had entered its findings and conclusions. The state argues that it would be pointless to remand this cause for a hearing regarding abandonment.

This court agrees with the state. The present record is sufficient for review of the correctness of the trial court's order denying movant relief on the amended motion. In the interest of expedition and judicial economy, this court reviews on the merits the point sought to be raised by movant in his amended motion and his original brief.

Movant entered a plea of guilty to a charge of involuntary manslaughter and he was sentenced to imprisonment for five years. In his amended Rule 24.035 motion, movant alleged that he was deprived of his right to effective assistance of counsel and that such deprivation tainted the voluntariness of his plea.

The amended motion alleged: movant's counsel at the guilty plea hearing was attorney Carter, who was a partner of attorney Pearson; Pearson had entered into plea negotiations with the prosecutor before the date of the guilty plea hearing; Carter was present at the guilty plea hearing due to Pearson's inability to attend; the plea negotiations between Pearson and the prosecutor "had culminated in agreement that [movant] would plead guilty and after a presentence investigation would receive no more than one year of confinement"; Carter, being unfamiliar with the terms of the plea agreement, advised mov-

ant and the court "that the plea agreement was for no less than one year confinement"; movant's guilty plea was not voluntary "in that movant was not fully advised of the meaning and effect of his guilty plea and the possible punishment"; movant, as well as his counsel Pearson, had the understanding that the maximum confinement movant would receive would be one year.

On this appeal, movant contends that he was entitled to relief on his amended motion, and the trial court erred in ruling otherwise, because attorney Carter was ineffective in that Carter allowed movant to plead guilty "when the recommended sentence allowed for imposition of a sentence in excess of the terms of the plea agreement negotiated by attorney Pearson."

Appellate review of the trial court's ruling on the amended motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). The findings and conclusions of the trial court are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–96 (Mo. banc 1989). "In order for a movant in a post-conviction motion, who pleaded guilty in the underlying criminal case, to establish ineffective assistance of counsel, he must demonstrate that: (1) counsel's performance was unreasonable under prevailing professional norms, and (2) but for his counsel's deficient performance, movant would not have pleaded guilty and would have insisted on going to trial." *Collins v. State,* 792 S.W.2d 887, 888 (Mo.App.1990).

■ When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. *Norris v. State,* 778 S.W.2d 823, 824[1] (Mo.App.1989). "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted.... Where there is no reasonable basis for the belief in light of the guilty plea record, movant is

not entitled to relief." *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978).

■ Movant's contention is based on the assumption that there was a plea agreement between the prosecuting attorney, Martin Mazzei, and movant's attorney Pearson that movant "would receive no more than one year of confinement." The trial court found that there was no such plea agreement. This court agrees.

At the hearing on the Rule 24.035 motion, movant adduced the testimony of attorney Pearson, attorney Carter, and movant himself. In its *order denying movant's* Rule 24.035 motion, the trial court made meticulous findings of fact concerning the events at the guilty plea hearing of January 9, 1989, and the sentencing hearing of June 6, 1989. In its findings and conclusions, the trial court pointed out, properly, that the credibility of the witnesses at the motion hearing is a matter for the court and that the court may reject any and all of their testimony, even if no contrary evidence was offered by the state. The court stated: "Movant's testimony, and the testimony of Mr. Carter and Mr. Pearson concerning the plea bargain, are refuted by the record.... Movant was never promised that he would receive a one-year sentence and was aware that he could receive a longer sentence." The records of the guilty plea hearing and the sentencing hearing support those statements.

At the guilty plea hearing on January 9, 1989, prosecuting attorney Martin Mazzei appeared for the state, and the movant appeared in person and by his attorney Carter. Carter informed the court that movant requested leave to withdraw his previous plea of not guilty and to enter a plea of guilty. The court interrogated movant at length and explained to him his constitutional rights.

The court then inquired of the prosecutor if there had been any plea negotiations, and the prosecutor answered in the affirmative. The following then occurred:

THE COURT: And what is your recommendation as to punishment?

MR. MAZZEI: Your Honor, the State has agreed with the defendant and his attorney that on a plea of guilty to the charge of involuntary manslaughter, the defendant will request a pre-sentence investigation and the State will not oppose the recommendations of the pre-sentence investigation report unless the officer, probation officer recommends less than one year in the county jail. It's a modified blind plea, Your Honor.

THE COURT: Did you understand that would be the recommendation of the prosecuting attorney, what he just said, based upon our plea of guilty?

[MOVANT HOLT]: Yes. I understand that, it as the presentence investigation would determine whether I would get probation or a sentence, or the sentence to the jail, the county jail, right?

THE COURT: I'm going to ask the prosecutor to re-state it. That wasn't the way I understood it. Maybe I misunderstood it. I understood that the prosecutor recommended that a pre-sentence investigation will be conducted by the Missouri Board of Probation and Parole, and a copy of that will be made available as provided by law, but the prosecuting attorney also said he would not oppose the recommendation of the probation officer unless it recommended less than one year incarceration in the Missouri Department of Corrections.

MR. MAZZEI: Or the county jail, Your Honor.

THE COURT: Well, that will be in the discretion of the Judge.

MR. MAZZEI: Right.

THE COURT: Frankly, I'll tell you up front. I normally commit you to the Department of Corrections if I were to do that, Mr. Guess, or Mr. Holt.

MR. MAZZEI: Holt.

THE COURT: Frank—simply because our jails are sometimes overcrowded and the chances are if I commit you it will be to the Department of Corrections. I want that understood too, if, in fact, I commit you to a year. Less than that, it would be different, of course. Now, Mr. Carter, is that understanding, was that your under-

standing when the Defendant entered his plea of guilty?

MR. CARTER: Yes, sir.

THE COURT: I think I was going to ask Mr. Mazzei to re-state it, but did I state it correctly?

MR. MAZZEI: Your Honor, the court correctly re-stated the plea agreement.

[MOVANT]: I understand it.

THE COURT: And do you understand that?

[MOVANT]: Yes. I do.

THE COURT: Very well. It's very important that you understand. If you have any questions, confer with your attorney and he may ask them for you if you have any questions about it. The court understands you have none, is that correct, have no questions?

[MOVANT]: Right.

The court then discussed with movant the facts of the underlying charge. Movant stated he was satisfied with the services of attorney Carter. Carter informed the court that he had conferred with movant concerning movant's legal rights and the evidence, and knew of no reason why the court should not accept the plea.

The court then made a docket entry and read it out loud as follows:

"Mr. Mazzei, Prosecuting Attorney of Crawford County, announced that he will not oppose the recommendation of the presentence investigation report to be supplied so long as the minimum punishment, if any recommended by Board of Probation and Parole, is not less than one year incarceration."

The following then occurred:

THE COURT: Is that correct?

MOVANT: That's true.

THE COURT: Mr. Mazzei?

MR. MAZZEI: Yes, Your Honor.

THE COURT: Mr. Carter?

MR. CARTER: Yes, sir.

THE COURT: Mr. Holt?

MOVANT: Yes, sir.

THE COURT: Is that the way you understood it?

MOVANT: Yes, sir.

At the sentencing hearing on June 6, 1989, prosecutor Mazzei appeared for the state, and movant appeared in person and by his attorney Pearson.

The court announced that the transcript of the guilty plea hearing had been examined by the court and by movant and by attorney Pearson. The court stated that on June 3, 1989, the matter was called for sentencing; that assistant prosecutor Broshot was present; that attorney Pearson indicated that something different was recommended by prosecutor Mazzei at the time the plea was entered. The court then read the docket entry of January 9, 1989.

The court then said that at the June 3, 1989, proceeding, Pearson made a motion that defendant be allowed to withdraw his plea of guilty or that a transcript of the proceedings of January 9, 1989, be prepared. The court said that the motion with respect to the transcript was sustained and the transcript had been prepared and that Pearson and movant had been afforded an opportunity to examine it. The court then asked Pearson if he and movant needed more time to review the transcript.

Pearson replied: "We do not, your honor. Evidently my memory was faulty in that regard and that's what transcripts are for, I suppose." Prosecutor Mazzei informed the court that he had reviewed the transcript and that the court's docket entry of January 9, 1989, was accurate.

Movant then took the stand and, under direct examination by Pearson, testified to several alleged errors in the pre-sentence investigation report. He made no mention of the plea agreement. On cross-examination, prosecutor Mazzei asked movant if he had visited with Mr. Pearson before the hearing of January 9, 1989. Pearson then made this statement: "Your honor, in this regard, I would advise the court it was my faulty memory that caused the transcript to be prepared, and I've already stated to the court in open court that the transcript, we're not contesting the validity of the transcript or its accuracy."

Under direct examination by the court, movant testified: "I talked with Mr. Pear-

son and Carter before I entered my plea; I have no complaints about the legal representation that Pearson has given me. I do have complaints about Carter's representation; my complaint is that I did not talk to Carter after Mr. Mazzei read, or made his statement ... we didn't talk after that to verify what had been said, I read the transcript; the court asked me personally if I understood the proceedings and I answered that I did, I have no other complaints that I wish to express concerning the legal representation rendered me by either Pearson or Carter."

The court then stated that it had reviewed the transcript of the proceedings of January 9, 1989, and that based upon all the evidence received and the transcript, as well as the statements of counsel, the court finds that Mr. Holt's plea of guilty entered January 9, 1989, was freely, voluntarily and intelligently made and that the defendant understood the nature of the charge at the time he entered his plea of guilty.

The court sentenced the movant to a term of five years for involuntary manslaughter, a Class C felony, and informed movant of his right to file a post-conviction proceeding and of the time limits therefor.

On August 21, 1989, movant filed, pro se, his original Rule 24.035 motion, which made no mention of any alleged misunderstanding of the plea agreement. That subject was first mentioned in the amended motion prepared by counsel and filed on December 7, 1989.

The trial court, in the Rule 24.035 proceeding, found that there was no plea agreement made by prosecutor Mazzei and attorney Pearson to the effect that movant would receive a sentence of no more than one-year confinement. This court holds that the findings and conclusions of the trial court are not clearly erroneous and, indeed, are fully supported by the record.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.