Thomas E. WHALEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 17683.

Missouri Court of Appeals, Southern District, Division Two.

June 16, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1992.

Emmett D. Queener, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Thomas E. Whaley (Movant) appeals from a denial of his pro se motion under Rule 24.035.[1] On November 16, 1990, Movant entered a plea of guilty to the class A felony of distribution of a controlled substance within 1,000 feet of a public school,

1. Rule references are to Missouri Rules of Court (1991), unless otherwise indicated.

in violation of § 195.214.1, RSMo Supp. 1990. He was sentenced to life imprisonment. At his sentencing the State dismissed five other pending drug charges against Movant pursuant to the plea bargain agreement. One of those charges was the class A felony of trafficking drugs in the first degree which subjected Movant to a possible penalty of imprisonment of ten years to thirty years or life imprisonment with no possibility of probation or parole on any sentence pronounced.[2]

Upon the filing of Movant's pro se motion, an attorney was appointed to represent him. An unverified amended motion under Rule 24.035(f) was timely filed. After an evidentiary hearing the trial court made findings of fact and conclusions of law and entered judgment denying the pro se motion. By that judgment the amended motion was dismissed for failure to comply with the verification requirements of Rule 24.035, and because not substantially in the form of Criminal Procedure Form No. 40.

Movant presents two claims of error. His first point argues denial of effective assistance of counsel for failure to inform Movant of the statutory minimum sentence applicable to his life sentence. As a result, Movant claims his plea was not knowingly and voluntarily entered because it was based on a mistaken belief as to the sentence he was required to serve.

Point II alleges Movant's amended motion under Rule 24.035 was dismissed erroneously due to ineffective assistance of counsel for failure to file a properly verified amended motion. According to Movant, such failure constituted his abandonment by counsel.

■ Appellate review is to determine if the trial court's determination is clearly erroneous. Rule 24.035(j). Movant had the burden of proof on his motion. Rule 24.035(h). Deference is given to the trial court's determination of the credibility of the witnesses. *Brummell v. State*, 770 S.W.2d 379, 380 (Mo.App.1989).

■ The facts relating to Point I indicate Movant's plea of guilty was made pursuant to a written plea bargain agreement signed by him. That agreement contemplated Movant would receive a life sentence on a guilty plea to the instant charge in exchange for the State's dismissal of five other pending charges previously mentioned. At the evidentiary hearing Movant testified one of his attorneys told him if he accepted the plea agreement for life imprisonment, he would be eligible for parole in eight years. Both of his attorneys testified they failed to advise him that a life sentence would require him to serve fifteen years before parole was possible.[3] One of Movant's attorneys testified he "guesstimated" at any amount of time Movant might serve. The other attorney testified he discussed the plea offer with Movant and told him he would probably serve twelve to fifteen years. He acknowledged telling Movant that another attorney said Movant might be eligible for parole in as little as eight years on a non-violent offense. He further seemed to profess ignorance of the application of § 558.019.3 to Movant's sentence. However, we find nothing in the record to indicate that Movant's attorneys promised him any amount of time he would actually serve on a life sentence. Prior to his guilty plea Movant could have believed he would possibly serve between eight and fifteen years on a life sentence based on his attorneys' estimates. Yet, the record made at his guilty plea would cause any reasonable person to place no reliance on estimates of time to be served on a life sentence.

When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable. "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was

---

2. The trial court's findings of fact indicate this charge was brought under § 195.222.4(2), RSMo Supp.1991.

3. § 558.019.3, RSMo Supp.1991, provides: "If the defendant is not a prior offender, persistent offender, or class X offender and has pleaded guilty to or has been found guilty of a felony and sentenced to life imprisonment, the minimum prison term which the defendant must serve shall be fifteen years."

unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted.... Where there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief."

*Holt v. State*, 811 S.W.2d 827, 828–29 (Mo. App.1991) (citations omitted).

Movant testified under oath at his guilty plea proceeding that he understood the charges against him, that he was pleading guilty because he was in fact guilty, and admitted the facts concerning the charges against him. The transcript of that proceeding reveals the following exchange between the court and Movant:

Q. Do you understand that if I follow this plea bargain I'm going to be sentencing you to life in prison today? And then it's up to Probation and Parole when they parole you. Do you understand that?

A. Uh, yes.

Q. And do you understand that, that I have no control over when they parole you, your attorney doesn't, nobody does but them? We can give you estimates, and they can tell you roughly how long is served on a life sentence, but nobody can guarantee you how long you're going to serve on that sentence. That's up to Probation and Parole, and we do not control those people. Do you understand that?

A. Yes, sir.

Q. And of course it's also somewhat up to you. If you go up there and become a troublemaker, they're not likely to parole you. You understand?

A. Yes, sir.

Q. Now there's also mention in Court's Exhibit Number 2 that other cases against you are going to be dismissed, is that correct?

A. Yes, sir.

Q. Do you, do you feel that those other cases are very serious cases against you?

A. Yes, sir.

Q. And one of those other cases subjects you to a possible penalty of from ten to thirty years, or life, with the requirement that whatever the sentence is, you have to serve every minute of it; and i.e., in other words, there's no probation or parole possible. Do you understand that?

A. Yes, sir.

Q. And does that have something to do with your willingness to accept this plea bargain where you go up for life, but you do have a chance for parole in a few years?

A. Uh, it was, uh, well, uh, I'm guilty, and it was, uh, the plea was offered, and I, I will accept it.

Q. Well, obviously you don't want, or I assume that you don't want to take the chance of being sentenced on this other Class A felony without probation or parole?

A. That's true, sir.

Q. So you're willing to plead guilty to this one to get all those other charges dismissed, and specifically get out from under the one where you would have to do it without the possibility of parole? Am I correct?

A. Uh, yes, sir.

From this record it is obvious Movant understood that the amount of time he served depended strictly on a determination by the Board of Probation and Parole. The record shows Movant held no mistaken belief as to the amount of time he would serve because he acknowledged understanding that neither his attorneys nor the court could guarantee such matter. He understood that he might not be paroled if he was a troublemaker in prison. Lastly, Movant's answers reveal his motivation for pleading guilty was to specifically avoid another serious class A felony charge. Nowhere does the record reveal Movant entered his plea with a reasonable belief he would serve as little time as eight years.

The motion court found that Movant entered his plea of guilty because he wanted to avoid a possible sentence on the class A felony under § 195.222.4(2) which carried a sentence without possibility of probation and parole. Secondly, Movant was not misled on the amount of time he would serve

on the life sentence. The court concluded that Movant's guilty plea was made knowingly, voluntarily and intelligently and that Movant failed to sustain his burden of proof on any issue. We agree.

 Movant can attack his guilty plea only on the grounds it was not made voluntarily and knowingly. *Fairley v. State,* 770 S.W.2d 458, 459 (Mo.App.1989). "On a guilty plea, the movant claiming ineffective assistance of counsel must establish a serious dereliction of duty which materially affected his substantial rights and show that his guilty plea was not an intelligent or knowing act." *Short v. State,* 771 S.W.2d 859, 864 (Mo.App.1989). Stated another way, a plea is involuntary when counsel is so ineffective as to have affected the voluntariness of Movant's guilty plea. *Shaw v. State,* 766 S.W.2d 676, 680 (Mo.App.1989).

There was sufficient basis for the motion court to find and conclude as it did. Such findings and conclusions are not clearly erroneous. Point I is denied.

 Movant's last point contends his trial counsel was ineffective because his amended motion was timely filed but unverified. Movant believes he was abandoned by counsel for his failure to comply with the mandatory requirements of Rule 24.035(f). That paragraph of the rule requires, "[a]ny amended motion shall be verified by movant...."

Movant argues his case falls within the reasoning of *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991), where appointed counsel filed untimely amendments to the pro se motion indicating counsel's determination that a sound basis existed for amending the pro se motion. Relying on *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), our Supreme Court remanded the case for findings on whether the untimeliness of the motion "resulted exclusively from counsel's action or inaction...." *Sanders* at 495. If the Court so found, the amended motion

was to be considered timely filed and proceedings conducted accordingly. *Id.*

Movant suggests that the procedure in *Sanders* must be followed here equating his timely but unverified amended motion to the untimely amended motion there.[4] He reasons that his amended motion raised a new issue, i.e., the constitutionality of § 195.214, RSMo Cum.Supp.1989, and like *Sanders,* a sound basis existed for amending his pro se motion.

We believe this issue is controlled by *Pollard v. State,* 807 S.W.2d 498 (Mo. banc 1991), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 682 (1988), where appointed counsel filed an untimely amended motion under Rule 29.15(f) as did counsel in *Sanders.* In *Pollard,* our Supreme Court did not apply the rationale in *Sanders* because counsel's inadvertence resulted in no prejudice to movant. Lack of prejudice resulted because "[s]o far as concerns points argued on this appeal ..., the belated amended motion did not differ from the pro se motion." *Id.* at 502. The same situation exists here. Movant's Point I was clearly presented in both his pro se and amended motions. Therefore, no prejudice is demonstrated. *See Laughlin v. State,* 822 S.W.2d 578, 580 (Mo.App.1992). Point II has no merit.

The judgment is affirmed.

SHRUM, P.J., and MAUS, J., concur.

---

4. *Sanders* dealt with Rule 29.15(f) where the instant case involves Rule 24.035(f). However, both sections are identical.