**Kelly HAMPTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 48523.**

Missouri Court of Appeals, Western District.

June 7, 1994.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Appellant appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.

Appellant pled guilty to one count of robbery in the first degree, § 569.020 RSMo 1986 and one count of armed criminal action, § 571.015 RSMo 1986. He was sentenced as a prior persistent class X offender to ten years imprisonment on the robbery in the first degree and three years imprisonment on the armed criminal action. The sentences were to run concurrently to each other and concurrent to the sentence he was already serving.

The appellant acknowledged that on July 11, 1992, he was driving a green Chevrolet truck near Gregory and Prospect in Kansas City, Missouri. Appellant observed Phillip Bresetter and offered him a ride. Bresetter entered the truck and appellant pulled a knife with a 4″ blade and threatened to kill Bresetter. Appellant proceeded to rob Bresetter of a silver chain, a pager, and twenty-seven dollars ($27.00) in cash. Following the robbery, appellant had Bresetter exit the truck on the driver's side. The victim flagged down a passing police car and reported the robbery giving information as to the truck and a description of the appellant. The appellant proceeded to a gas station at 63rd and Prospect.

The police noticed appellant pumping gas and when they approached, he entered the truck and fled. He was pursued to 73rd & Bales where he exited the truck and fled on foot.

He entered a house at 7234 Bales. The officers followed, kicked in the door, and found appellant in bed in the southeast bedroom. He was in his underwear, covered by a sheet and perspiring. He was arrested at the scene and the police found the knife he had used and the pager at the foot of the bed. The victim arrived and identified appellant as the robber.

Appellant raises one point on appeal. He contends the motion court clearly erred by denying his motion for post-conviction relief without giving him an evidentiary hearing. Appellant alleges his counsel gave him ineffective assistance of counsel regarding his guilty plea because he was not fully appraised about the time he would have to serve as a prior persistent class X offender.

■ Appellate review of a motion court's decision in a Rule 24.035 proceeding is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). The actions of a motion court are deemed clearly erroneous if a full review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *McPherson v. State*, 818 S.W.2d 708, 709 (Mo.App.1991).

■ After entering a guilty plea, the ineffective assistance of a defendant's counsel is relevant only to the extent it affected the voluntariness of defendant's plea. *Whaley v. State*, 833 S.W.2d 441, 444 (Mo.App.1992). A guilty plea is involuntary when counsel is so ineffective that he has affected the voluntariness of movant's guilty plea. *Id.* If the accused has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises, the defendant should be permitted to withdraw his guilty plea. *Tillock v. State*, 711 S.W.2d 203 (Mo.App.1986). When a movant claims that his guilty plea was involuntary because he was misled by counsel, "the test is whether movant's belief was reasonable." *Holt v. State*, 811 S.W.2d 827, 828 (Mo.App.1991).

■ A 24.035 movant is entitled to an evidentiary hearing if the movant (1) alleges facts, not conclusions, which, if true, would warrant relief; (2) the allegations raise matters not refuted by the record; and (3) the movant was prejudiced by the alleged errors. *Wedlow v. State*, 841 S.W.2d 214, 216 (Mo.App.1992). If any of these elements are absent, the motion court may properly deny an evidentiary hearing. *Id.*

■ The guilty plea court mentioned briefly at the outset of the plea hearing that the agreement was for concurrent sentences of ten and three years imprisonment as a class X offender. However, at no point did the court question appellant to determine if he understood being sentenced as a class X offender. The sole explanation of class X offender status occurred during the following colloquy:

ASSISTANT PROSECUTING ATTORNEY: Do you want to take up the class X status now, Your Honor?

THE COURT: Yes.

APPELLANT: What's that?

THE COURT: It's the class "X" status. They need to prove up the class "X" offender.

APPELLANT: What does that mean?

THE COURT: They just go over your prior convictions.

APPELLANT: Okay.

No one questioned appellant as to whether he understood the significance of the court finding him to be a prior, persistent, and class X offender. This is a unique case and the record does not reflect the court adequately addressing this issue. Appellant stated at the plea hearing he did not understand the meaning of class X offender. The court directed appellant's attorney to explain this to the appellant during a recess. There is no follow up on the record that this was explained to appellant and that he understood. Appellant, as a class X offender, would be required to serve a minimum of eighty percent of his sentence. § 558.019 RSMo Supp.1992. The record does not reflect that appellant was ever advised of this. Appellant alleged in his amended motion that he would not have entered a guilty plea for a sentence of ten years if he understood the significance of class X.

At the end of his guilty plea hearing, appellant stated that he and counsel had not discussed the class X status. Appellant was given the opportunity at the conclusion of the hearing to discuss class X with his counsel, but the record does not reflect any such discussion. At sentencing appellant informed the court that he did not want to plead guilty as a class X offender. Both his request to fire his attorney and to withdraw his guilty plea were denied.

Appellant has alleged sufficient facts which, if found to be true, would establish that his guilty plea was not freely, voluntarily, and intelligently entered. Appellant is entitled to an evidentiary hearing to attempt to prove his claims.

The judgment is reversed and remanded to the trial court.

All concur.