Michael WILSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 56486.

Missouri Court of Appeals, Western District.

May 31, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 2000.

Application for Transfer Denied Oct. 3, 2000.

---

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, C.J., SPINDEN and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Chief Judge.

Michael Wilson appeals the judgment of the motion court sustaining in part and denying in part his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Mr. Wilson pled guilty to ten separate charges and was sentenced to twenty-years imprisonment on each count. Mr. Wilson claims that his guilty pleas to all ten charges were not knowingly, intelligently and voluntarily made. Mr. Wilson alleges that the motion court erred by not vacating all of his guilty pleas upon its finding that his pleas to two of the charges were not knowingly, intelligently and vol-

untarily made. Mr. Wilson further argues that the motion court erred in overruling, as moot, his claim that the State breached a "tacit plea agreement." This court finds that (1) Mr. Wilson was entitled to an evidentiary hearing on his claim that ineffective assistance of counsel rendered his guilty pleas to the remaining charges not knowingly, intelligently and voluntarily made, and (2) Mr. Wilson was not entitled to an evidentiary hearing on his claim that the State breached a tacit plea agreement, and that claim was properly denied.

The judgment of the motion court is affirmed, in part, and reversed and remanded, in part, with directions.

## Procedural Background

On April 1, 1996, the State charged Michael Wilson by indictment with the following ten counts: one count of forcible rape, in violation of § 566.030, RSMo 1994;[1] one count of forcible sodomy, in violation of § 566.060; one count of felonious restraint, in violation of § 558.011.1(3) and § 560.011; one count of robbery in the first degree, in violation of § 569.020; one count of assault in the second degree, in violation of § 558.011 and § 560.011; and five counts of armed criminal action, in violation of § 571.015.1.

On October 21, 1996, Mr. Wilson appeared for his plea hearing in the Circuit Court of Jackson County. During the plea hearing, Mr. Wilson's plea counsel informed him of the range of punishment for each offense charged. Plea counsel explained that on Count I, assault in the second degree, the punishment ranged from one day to one year in the Jackson County jail or one to seven years in the Missouri Department of Corrections. The punishment for Count III, forcible rape,

ranged from five years to life. For Count V, felonious restraint, the punishment ranged from one day to one year in the Jackson County jail or one to seven years in the Missouri Department of Corrections. For Count VII, robbery in the first degree, the range spanned from ten to thirty years or life. The punishment for Count IX, forcible sodomy, ranged from five years to life. Finally, on each count of armed criminal action, Counts II, IV, VI, VIII, and X, Mr. Wilson's plea counsel stated that the range of punishment spanned from three years to life.[2]

After reciting the range of punishment on each count, plea counsel asked Mr. Wilson if he understood the possible sentence for that count. For each count, Mr. Wilson responded that he understood the potential sentence to be that which his plea counsel had stated. Mr. Wilson's plea counsel further asked, "And you also understand that regarding the assault in the second degree, and the felonious restraint, if the state had proved you up as a persistent offender the range of punishment would have been expanded to twenty years on those two counts?" Mr. Wilson responded that he understood. The State remained silent during this exchange between Mr. Wilson and his counsel. Mr. Wilson's written petition to plead guilty and the plea court's order of October 21, 1996, also did not mention his status as a prior and persistent offender. The court accepted Mr. Wilson's guilty pleas on all ten charges after finding that Mr. Wilson made the pleas freely, voluntarily, and intelligently.

On December 18, 1996, the court held a sentencing hearing. During the hearing, the court advised Mr. Wilson of the ranges of punishment applicable to the charges

1. All statutory references are to Revised Statutes of Missouri 1994.

2. Defense counsel advised Mr. Wilson that the range of punishment on a charge of armed criminal action was three years to life. In fact, the range of punishment established by § 571.015.1 is "a term of not less than three

years." Further, the statute provides that, "No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition of sentence for a period of three calendar years." § 571.015.1.

against him. When the court told Mr. Wilson that the range of punishment on the class C felony of assault in the second degree was one to seven years, the prosecutor stated that the range had a maximum sentence of twenty years for a prior and persistent offender. Mr. Wilson's counsel interrupted and advised the court that she did not recall at the guilty plea hearing that the State had proceeded against Mr. Wilson as a prior offender. The court agreed that the order the court signed accepting Mr. Wilson's guilty pleas did not indicate that the court had found Mr. Wilson to be a prior and persistent offender.

The prosecutor then proceeded to present evidence that Mr. Wilson was a prior-and-persistent-offender. Mr. Wilson's counsel objected to two of the prosecutor's exhibits as hearsay and not the best evidence. The court overruled the objections. At the conclusion of the State's evidence on Mr. Wilson's prior-and-persistent-offender-status, the court questioned the timing of the State's evidence. The prosecutor advised the court that it was permissible to prove prior and persistent offender status at any time prior to the court pronouncing sentence. Before ruling, the court inquired of Mr. Wilson's counsel whether she had a response to the State's request that the court find Mr. Wilson to be a prior and persistent offender. Mr. Wilson's counsel stated, "No, sir." The court then found that Mr. Wilson was a prior and persistent offender.

Thereafter, the court sentenced Mr. Wilson to twenty years on each of the ten counts. The court ordered that Count III (forcible rape) and Count IX (forcible sodomy) run concurrently with each other. The court further ordered that Counts II, IV, VI, VII and X (all counts of armed criminal action) run concurrently with each other and consecutively to Counts III and IX. Count I (assault in the second degree) and Count V (felonious restraint) were to run concurrently with each other and consecutively to Counts II, IV, VI, VII, and X,

and consecutively to Counts III and IX. Finally, the court ordered that Count VII (robbery) run consecutively to all of the other counts. In terms of years, Mr. Wilson received a total sentence of 80 years imprisonment.

Mr. Wilson timely filed a *pro se* motion to vacate, set aside, or correct judgment or sentence pursuant to Rule 24.035. Mr. Wilson's court-appointed counsel timely filed an amended motion. The amended Rule 24.035 motion alleged that Mr. Wilson received ineffective assistance of counsel at the guilty plea and sentencing hearings because his counsel misled him and coerced him to plead guilty. Mr. Wilson claimed that his counsel led him to believe that if he pled guilty before the State proceeded against him as a prior and persistent offender, he would not be subjected to the extended range of punishment on Count I, the class C felony of assault in the second degree, and Count V, the class C felony of felonious restraint. In his motion, Mr. Wilson stated that he pled guilty reasonably believing that he could only be sentenced to a maximum term of seven years imprisonment for each of those two counts, rather than the term of twenty years he received on each of the counts.

Mr. Wilson further alleged that he was denied his right to due process. According to Mr. Wilson, the State failed to honor the "tacit plea agreement" that it accepted by its silence at the plea hearing on October 21, 1996. He stated that this tacit plea agreement was formed when the State failed to object to his plea counsel's representation that the maximum punishment on the assault and felonious restraint charges was seven years for each count. Mr. Wilson claimed the State then violated this tacit plea agreement when it proceeded against him as a prior and persistent offender at the sentencing hearing. Therefore, he contended that the court should have allowed him an opportunity to withdraw his guilty pleas in response to the State's violation of the tacit plea agreement. Mr. Wilson requested an evidentiary hearing to establish the facts alleged in

his pleading. He further requested that the motion court set aside the judgment and sentence in his case and reinstate the case on the active court docket.

The motion court denied Mr. Wilson's request for an evidentiary hearing and sustained in part and denied in part Mr. Wilson's motion to vacate, set aside, or correct judgment and sentence. With respect to the ineffective assistance of counsel claim, the court found that Mr. Wilson could have reasonably believed, at the time of his guilty pleas, that the maximum sentence he could receive would be seven years, not twenty years, on each of Counts I and V. The motion court thus vacated, set aside, and held for naught Mr. Wilson's guilty pleas to Counts I (assault in the second degree) and V (felonious restraint), and his guilty pleas to the related armed criminal action charges in Counts II and VI. The court then entered an amended judgment and sentence vacating Mr. Wilson's convictions and sentences on Counts I, II, V, and VI. The motion court apparently believed that Mr. Wilson's motion pertained only to those counts and did not address the remaining counts. The court reduced Mr. Wilson's sentence by twenty years, ordering Mr. Wilson to serve a total of 60 years imprisonment. Subsequently, the court permitted the State to dismiss, without prejudice, the charges of assault in the second degree and felonious restraint, as well as the corresponding offenses of armed criminal action.

Regarding the breach of the "tacit plea agreement" claim, the motion court stated, "[I]n light of this Court's ruling under Point One hereinabove setting aside Movant's pleas of guilt to Counts I and V, the only offenses subject to enhanced sentences for prior offender status, this claim is now moot."

Mr. Wilson filed this appeal.

### Standard of Review

On appeal from the denial of a post-conviction motion, this court is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Tolen v. State*, 934 S.W.2d 639, 641 (Mo. App.1996). Such a finding will be made if, after a review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Tolen,* 934 S.W.2d at 641.

To be valid, a guilty plea must be knowingly, intelligently, and voluntarily made. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *McMahon v. State,* 569 S.W.2d 753, 758 (Mo. banc 1978). "If the accused has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises, the defendant should be permitted to withdraw his guilty plea." *Hampton v. State,* 877 S.W.2d 250, 252 (Mo.App.1994). For Mr. Wilson to succeed on his claim that he involuntarily pled guilty because his plea counsel misled him, his mistaken belief must be reasonable. *Holt v. State,* 811 S.W.2d 827, 828 (Mo.App.1991). When representing a client regarding a guilty plea, counsel has an obligation to provide the client with an accurate account of the possible range of punishment for the offenses to which the client is pleading. *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979). In *Hampton,* this court held that if counsel or the court fails to educate the defendant of the significance of being sentenced as a prior and persistent offender prior to accepting a guilty plea, then the defendant could not freely, voluntarily and intelligently enter the guilty plea. 877 S.W.2d at 252. Sentencing as a prior and persistent offender is a direct consequence of the plea and the defendant must be informed of such a consequence prior to entering a guilty plea, or the plea will not be valid. *Rollins v. State,* 974 S.W.2d 593, 595 (Mo.App.1998).

### Mr. Wilson is Entitled to an Evidentiary Hearing on Claim that Ineffective Assistance of Counsel Rendered Guilty Pleas Not Knowingly, Intelligently and Voluntarily Made

In his first point, Mr. Wilson alleges that the motion court erred in vacating his

guilty pleas and sentences on only four of the counts instead of allowing him to withdraw all ten of his guilty pleas. Without holding an evidentiary hearing, the motion court found that Mr. Wilson's plea counsel misled him by implying that, once he pled guilty, the State could no longer proceed against him as a prior and persistent offender and subject him to enhanced sentencing on the counts of assault and felonious restraint. At the plea hearing, after explaining the range of punishment for each count, plea counsel stated to Mr. Wilson, "[a]nd you also understand that regarding the assault in the second degree, and the felonious restraint, **if** the state **had** proved you up as a persistent offender the range of punishment **would have been expanded** to twenty years on those counts?" (emphasis added). Mr. Wilson responded that he understood. Mr. Wilson's plea counsel incorrectly implied that the State would no longer be able to proceed against Mr. Wilson as a prior and persistent offender because, under § 558.021.3, the State can proceed against the defendant as a prior and persistent offender at any time up to the time of sentencing. Because of his counsel's statement and the State's silence, the motion court found that Mr. Wilson reasonably believed the maximum sentence on each of these counts was seven years rather than the twenty years he actually received. Therefore, the motion court found that Mr. Wilson had not knowingly and intelligently entered guilty pleas to those counts. The motion court then vacated both of those counts and the two corresponding armed criminal action counts.

■ Mr. Wilson argues that the motion court erred by providing him with an inadequate remedy. According to Mr. Wilson,

the court's remedy fails to adequately redress the situation because he made his decision to plead guilty to all ten charges simultaneously, based upon plea counsel's misleading advice regarding the range of sentences and the inability of the State to proceed against him as a prior and persistent offender. By failing to understand the range of punishment on two of the counts, Mr. Wilson claims that he did not knowingly, voluntarily and intelligently enter his guilty pleas to any of the counts. Mr. Wilson asserts that if he had understood that the State had the ability to proceed against him as a prior and persistent offender at the sentencing hearing, he would not have pled guilty on any of the ten charges, but would have gone to trial.[3]

Thus, Mr. Wilson alleges the motion court erred by failing to allow him to withdraw all ten of his guilty pleas. Mr. Wilson further argues that the motion court's remedy "does not preclude the State from accomplishing in the future that which the court has attempted to correct below, i.e., [the State] can still refile charges against Mr. Wilson and obtain convictions and *extended* sentences on the vacated counts." Mr. Wilson contends that the remedy granted by the motion court of vacating only four counts is "not absolute, but contingent upon the state taking no further action against Mr. Wilson on the vacated counts at any point in the future."

■ Mr. Wilson is correct that the State could refile the charges against him on the four counts and proceed against him as a prior and persistent offender. By vacating Mr. Wilson's guilty pleas to the four counts, the motion court effectively with-

---

**3.** In two footnotes in the argument portion of his brief, Mr. Wilson appears to raise a complaint regarding the charging instrument. Mr. Wilson asserts that the State failed to properly file an information in lieu of indictment, and, therefore, the State did not properly charge him as a prior and persistent offender. Mr. Wilson failed to include this argument in either of his points relied on.

This assertion will not be addressed, because a matter not raised in a point relied on will not be reviewed by this Court. *See State v. Hill,* 812 S.W.2d 204, 208 (Mo.App.1991). This court does note, however, that Mr. Wilson stated in his amended Rule 24.035 motion that "[p]lea counsel knew that the state had charged Mr. Wilson as a prior and persistent offender."

drew Mr. Wilson's guilty pleas on those four counts. The effect of the withdrawal of the guilty pleas is to restore Mr. Wilson to the position he maintained prior to entering a guilty plea. *See State v. Patrick,* 816 S.W.2d 955, 958 (Mo.App.1991); *State v. Begley,* 534 S.W.2d 632, 635 (Mo.App. 1976). Because Mr. Wilson reverts to the position he occupied prior to the plea, the State regains the right to prosecute Mr. Wilson on the charges. *See Bolinger v. State,* 703 S.W.2d 25, 28 (Mo.App.1985).

▇▇▇ The State argues that Mr. Wilson limited his request for relief in his Rule 24.035 motion to only the two counts of assault in the second degree and felonious restraint. Therefore, the State asserts, Mr. Wilson is not entitled on appeal to request that the guilty pleas and sentences of all ten counts be vacated. While it is true that Mr. Wilson is limited to those issues raised in his Rule 24.035 motion, "allegations subject to differing interpretations must be considered in the light most favorable to the pleader." *Brown v. State,* 882 S.W.2d 154, 156 (Mo.App.1994). In reviewing Mr. Wilson's amended Rule 24.035 motion, Mr. Wilson stated that he "would not have pleaded guilty and would have insisted on going to trial." Although the State correctly indicates that this request can be interpreted to mean Mr. Wilson was asking only for a trial on the two counts for which he received the enhanced sentencing, an equally valid reading indicates that Mr. Wilson was asking to withdraw all of his guilty pleas and proceed to trial on all counts. Considering the differing interpretations in the light most favorable to Mr. Wilson, Mr. Wilson's amended 24.035 motion adequately expressed his desire to withdraw all of his guilty pleas, not just the pleas on the two counts subject to enhanced sentencing. The language of the amended Rule 24.035 motion provides a sufficient basis to find that Mr. Wilson asked the motion court for the relief he now seeks on appeal. *See Ray v. State,* 644 S.W.2d 663, 667 (Mo.App.1982).

▇▇▇ Mr. Wilson sufficiently pled his claim that he received ineffective assistance of counsel because he was misled or induced to plead guilty on all ten counts by mistake. The motion court determined that Mr. Wilson was misled by his counsel to believe that the State could not proceed against him as a prior and persistent offender and this belief was reasonable. The motion court further found that he was misled or induced to plead guilty on the assault and felonious restraint counts and the related armed criminal action counts because of his mistaken belief. The unresolved issue is whether Mr. Wilson was induced to plead guilty on the remaining six counts because of his mistaken belief. To be entitled to an evidentiary hearing under Rule 24.035 on the unresolved portion of his claim, Mr. Wilson's motion must "(1) allege facts rather than conclusions which, if true, would warrant relief; (2) the facts alleged must raise matters which are not refuted by the record; and (3) the matters complained of must have resulted in prejudice to [his] defense." *Edgington v. State,* 869 S.W.2d 266, 268 (Mo.App.1994). All three of these prongs must be met. *Id.*

The State argues that it is unreasonable to find that Mr. Wilson, believing that he could potentially face eight life sentences on the class A felonies and the armed criminal action charges, was induced to plead guilty because he thought the maximum punishment he could face on the two C felonies was a combined fourteen years. The State argues that Mr. Wilson entered open guilty pleas to all of the counts, and Mr. Wilson was not induced to plead guilty because of a plea bargain involving all of the counts. Nevertheless, Mr. Wilson alleges that he was induced to plead guilty on the remaining six counts by a mistake and this is a question of fact which remains to be resolved. Mr. Wilson alleges in his amended motion facts which, if true, would warrant relief, the facts alleged are not refuted by the record, and Mr. Wilson was prejudiced in that his guilty pleas would not have been knowingly and intelligently made. The trial court erred in not grant-

ing Mr. Wilson an evidentiary hearing on his allegation that ineffective assistance of counsel caused his guilty pleas on the six remaining counts to not be knowingly and intelligently made. At the evidentiary hearing, the motion court must determine whether the mistake was a material factor affecting Mr. Wilson's decision to plead guilty on the six counts.

### Mr. Wilson is Not Entitled to An Evidentiary Hearing to Determine Whether the State Entered into a Tacit Plea Agreement

██ In his second point, Mr. Wilson contends that the State entered into a "tacit plea agreement" not to charge him as a prior and persistent offender when the prosecutor failed to object to plea counsel's explanation of the range of sentences Mr. Wilson faced on the assault and felonious restraint charges. Mr. Wilson claims that when the State then proceeded against him as a prior and persistent offender at the sentencing hearing, the State violated its tacit plea agreement. Therefore, Mr. Wilson asserts that the motion court should have found he was entitled to be sentenced according to what he reasonably understood the range of sentences to be at the time of his guilty pleas. Mr. Wilson further argues that, at a minimum, the motion court should have provided him with an evidentiary hearing to prove that such an agreement existed.

Considering whether Mr. Wilson met the criteria entitling him to an evidentiary hearing, this court finds that the record refutes Mr. Wilson's allegation that any type of plea agreement existed. At the time Mr. Wilson entered his guilty plea, the prosecutor asked Mr. Wilson whether any "promises or agreements [had been] made in exchange for [his] plea of guilty." Mr. Wilson answered that no promises had been made to him. Additionally, in Mr. Wilson's written petition to enter a plea of guilty, Mr. Wilson listed no promises or agreements in the section that asked for such information.

Moreover, when a defendant asserts that a guilty plea is based upon a mistaken belief about the sentence, the defendant's belief is reasonable only if "based upon positive representations on which he is entitled to rely. . . ." *McNeal v. State*, 910 S.W.2d 767, 769 (Mo.App.1995). Mr. Wilson admits that the State made no positive representations about the range of sentences or its decision as to whether to charge him as a prior and persistent offender. A tacit plea agreement between Mr. Wilson and the State may not be inferred from the State's silence during the guilty plea hearing. The State proceeded according to the law when it waited until the sentencing hearing to address the issue of enhanced sentencing. Section 558.021.3. This court finds that the facts alleged by Mr. Wilson fail to establish that the State entered a binding plea agreement with Mr. Wilson and then failed to honor the agreement. *See State v. Mandel*, 837 S.W.2d 571, 575 (Mo.App.1992). The facts alleged by Mr. Wilson in his amended Rule 24.035 motion, even if true, would not entitle him to relief, so an evidentiary hearing on this issue is not warranted. The motion court did not err in denying that portion of Mr. Wilson's amended Rule 24.035 motion.

### Conclusion

The motion court's denial of Mr. Wilson's claim that he received ineffective assistance of counsel when entering his pleas of guilty on Counts III, IV, VII, VIII, IX, and X is reversed. The case is remanded and the motion court is ordered to hold an evidentiary hearing on Mr. Wilson's claim that his pleas of guilty on Counts III, IV, VII, IX and X were not knowingly, voluntarily and intelligently made because he received ineffective assistance of counsel. In all other respects, the judgment of the motion court denying post-conviction relief is affirmed.

All concur.