**Damiean A. ERICKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73562.**

Missouri Court of Appeals,
Western District.

March 27, 2012.

Susan E. Summers, for Appellant.

Dora A. Fichter, for Respondent.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

VICTOR C. HOWARD, Judge.

Damiean Erickson appeals the judgment of the motion court denying his Rule 24.035 motion for postconviction relief following an evidentiary hearing. He sought to vacate his ten-year sentence on his conviction for class C felony possession of a controlled substance. He argues that his sentence exceeded the maximum authorized by law and that his counsel was ineffective in failing to object to the sentence. The judgment is affirmed.

## Factual and Procedural Background

Erickson was originally charged by felony information with one count of class C felony possession of a controlled substance, section 195.202, RSMo Cum.Supp.2011. He pleaded guilty to the charge on May 14, 2007, pursuant to a plea agreement with the State wherein the State agreed to recommend probation and not to file any further charges arising from discovery in the case.

At the plea hearing, Erickson admitted that on January 26, 2007, he was at Price Chopper in St. Joseph to tow an abandoned vehicle when the police arrived in response to a 911 call. The officers searched Erickson's truck and found a scale with methamphetamine. Erickson stated that he understood the plea agreement and the rights he was waiving by pleading guilty and that no promises or threats were made to induce him to do so. Erickson also stated that he understood the range of punishment for the class C felony, which was one day to one year in the county jail, two to seven years in the department of corrections, a fine not exceeding $5000, or any combination of jail or prison time and a fine, and that the court would decide the punishment. Finally, Erickson stated that he was satisfied with his attorney's representation. The court accepted Erickson's plea and ordered a sentencing assessment report.

At the outset of the sentencing hearing on June 26, 2007, Erickson asked for a 30–day delay of sentencing so he could attend his sister's wedding. The court ordered a urine test and told Erickson he would consider a continuance if he was "clean." The test was positive for marijuana and possible methamphetamine. Erickson's counsel stated that there was no reason to delay sentencing, and the court proceeded with the sentencing hearing. The prosecutor recommended probation despite Erickson's probation history and positive drug test that day, asking the court to impose a six-year sentence with a suspended execution of sentence. The court stated that it would grant probation only if the State charged Erickson as a prior and persistent offender and the probation was on a ten-year sentence with suspended execution of sentence and 30–day shock incarceration. Erickson asked, "And if I mess up probation I get ten years in prison?" and the court replied, "Yes, sir." Erickson accepted the sentencing offer.

Erickson then admitted that he had been convicted of a felony DWI in Buchanan County in 1999 and sentenced to three years imprisonment and that he had been convicted of burglary in Andrew County in 2003 and sentenced to three years imprisonment. The court stated it would allow the prosecutor to file amended paperwork charging Erickson as a prior and persistent offender, which the State did that day. The court then found that a factual basis had been established that Erickson was a prior and persistent offender and sentenced Erickson to ten years imprisonment, suspended execution of sentence, placed him on probation for four years, and ordered him to serve a 30–day shock detention.

On May 29, 2008, the court held a probation violation hearing. Erickson admitted violating the conditions of his probation in

April. The court revoked Erickson's probation, ordered the 10–year sentence executed, and placed Erickson in a 120–day treatment pursuant to section 559.115.

On September 24, 2009, Erickson appeared at another probation violation hearing asking to surrender his probation. The court ordered the 10–year sentence executed.

On August 14, 2008, Erickson filed a timely *pro se* motion for postconviction relief. Appointed counsel filed an amended motion on Erickson's behalf. The amended motion alleged that Erickson was not charged as a prior and persistent offender, no proof was adduced at the plea hearing that he had two prior felony offenses, Erickson was not advised of the extended term of imprisonment as a prior and persistent offender, and the court made no findings at the plea hearing that Erickson was a prior and persistent offender. The amended motion also alleged that plea counsel was ineffective in failing to object to the court sentencing Erickson in excess of the maximum authorized by law and to the proceedings to prove Erickson as a prior and persistent offender.

An evidentiary hearing was held on Erickson's motion. Plea counsel testified that before the guilty plea, he informed Erickson that because he had at least two prior felony convictions, the prosecutor would likely file an amended information charging him as a prior and persistent offender and advised him of the range of punishment for a prior and persistent offender. Counsel further testified that he felt Erickson was "extremely lucky" when the prosecutor recommended probation despite the positive drug test and when the court indicated that it would grant probation on an enhanced sentence of ten years imprisonment as a prior and persistent offender. Counsel explained that he whispered to Erickson, "Take it," and Erickson accepted the deal.

The motion court denied Erickson's motion for postconviction relief, finding that Erickson admitted to two prior felony convictions and that the court made the specific finding that Erickson was a prior and persistent offender. This appeal by Erickson followed.

## Standard of Review

Appellate review of the denial of a postconviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Roberts*, 276 S.W.3d at 835. The movant has the burden of proving his claims for relief by a preponderance of the evidence. Rule 24.035(i).

## Points on Appeal

In his first point on appeal, Erickson claims that the motion court clearly erred in denying his motion for postconviction relief because his sentence exceeded the maximum authorized by law. He argues that the court sentenced him as a prior and persistent offender to a ten-year term of imprisonment but failed to find that he was a prior and persistent offender. In his second point on appeal, Erickson claims that plea counsel was ineffective in failing to object to the sentence.

A claim of ineffective assistance of counsel during sentencing is cognizable under Rule 24.035. *Cherco v. State*, 309 S.W.3d 819, 825 (Mo.App. W.D.2010); *Eichelberger v. State*, 71 S.W.3d 197, 199 (Mo.App. W.D.2002). Thus, the two-pronged *Strickland* test applies to such claim. *Cherco*, 309 S.W.3d at 825. To

prevail on an ineffective assistance of trial counsel claim, a movant must establish that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption exists that counsel's conduct was reasonable and effective. *Cherco,* 309 S.W.3d at 825. To establish prejudice, a movant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Where a movant seeks to vacate his sentence based on ineffective assistance of counsel at sentencing, he must show a reasonable probability that, but for counsel's errors, a more lenient sentence would have been imposed. *Cherco,* 309 S.W.3d at 830–31.

■ A "prior offender" is defined as "one who has pleaded guilty to or has been found guilty of one felony." § 558.016.2, RSMo Cum.Supp.2011. A "persistent offender" is "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." § 558.016.3, RSMo Cum. Supp.2010. Section 558.021, RSMo 2000, sets forth the general procedure to sentence for an extended term based on prior offenses. Under the statute, the information or indictment must plead all essential facts warranting a finding that the defendant is a prior and persistent offender, evidence must be introduced sufficiently establishing the facts pleaded to warrant finding beyond a reasonable doubt that the defendant is a prior and persistent offender, and the trial court must make findings of fact that warrant such a finding beyond a reasonable doubt. § 558.021.1; *Moore v. State,* 318 S.W.3d 726, 729–30 (Mo.App. E.D.2010). "In a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing." § 558.021.3.

■ Erickson argues that because his persistent offender status was not raised at the guilty plea hearing, the procedure of section 558.021.1 was not properly followed, and the court should not have sentenced him as such. However, the plain language of the timing statute for guilty pleas, section 558.021.3, allows the proof and findings of a defendant's status as a prior and persistent offender to be deferred to a later time, but prior to sentencing. On the day of sentencing, the State filed an amended information alleging that Erickson was a prior and persistent offender in that he had been convicted of two prior felonies committed at different times. Evidence of the two prior felonies was adduced through Erickson's testimony at the sentencing hearing but prior to the court imposing the sentence. Finally, the court found Erickson to be a prior and persistent offender and sentenced him to an enhanced sentence of ten years imprisonment. The judgment, which was entered by the court that day, indicated that Erickson was a prior and persistent offender. Erickson's admissions to two prior felonies at different times provided a sufficient basis to establish his status as a prior and persistent offender. *State v. Gibbs,* 306 S.W.3d 178, 183 (Mo.App. E.D. 2010). The issue of enhanced sentencing was addressed prior to sentencing as required by section 558.021.3. *See Wilson v. State,* 26 S.W.3d 191, 198 (Mo.App. W.D. 2000)(where the State remained silent at the guilty plea hearing regarding the range of punishment and whether to charge defendant as a prior and persistent offender, the State did not enter into a tacit plea agreement not to charge defendant as a prior and persistent offender, and it "proceeded according to the law when it waited until the sentencing hear-

728

ing to address the issue of enhanced sentencing."). The mandated procedures of section 558.021.1 were followed, and Erickson was properly sentenced as a prior and persistent offender. And because Erickson's claim that his sentence exceeded the maximum authorized by law is meritless, plea counsel was not ineffective in failing to object to the sentence. Counsel will not be deemed ineffective for failing to raise a nonmeritorious claim. *Ringo v. State*, 120 S.W.3d 743, 747 (Mo. banc 2003). The motion court did not clearly err in denying Erickson's motion for postconviction relief. The points are denied.

The judgment is affirmed.

All concur.